UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CARLOS RODRIGUEZ-CASTORENA, et al,<br><br>Defendants. | Case No. 15-cr-00345-JD-1<br><br>**AMENDED ORDER RE MOTION TO SUPPRESS**<br><br>Re: Dkt. No. 101 |

Defendant Juan Carlos Rodriguez-Castorena moves to suppress evidence collected during the execution of a search warrant at his residence, and any evidence obtained from use of Stingray devices. Dkt. No. 101. The government represents that "there was no stingray technology used in this case," Dkt. No. 115 at 13, which resolves Rodriguez-Castorena's challenge on that issue. The Court finds the suppression motion suitable for decision without oral argument, and denies it.

Rodriguez-Castorena's challenge to the search of his home is straightforward. This case involves the government's prosecution of several individuals for conspiracy to distribute methamphetamine. Judges in the Eastern District of California and this district approved wiretap applications for the investigation, which defendants unsuccessfully challenged in prior motions. Dkt. No. 93. Rodriguez-Castorena says a wiretap affidavit that the DEA presented to a judge in this district stated that a search of Rodriguez-Castorena's home was "unlikely" to produce evidence that would significantly further the investigation of the conspiracy. Dkt. No. 101 at 5, Exh. 2 ¶ 149 (filed under seal). One week later, a different DEA agent applied to a different judge for a search warrant for Rodriguez-Castorena's home at 956 Beachpoint Way, and stated there was probable cause that evidence would be found there. Dkt. No. 101 at 4, Exh. 1 ¶ 50 (filed under

seal). The search warrant affidavit made no mention of the statement in the wiretap application that a home search was "unlikely" to be productive. Rodriguez-Castorena contends that this omission was materially misleading, and requires suppression of the fruits of the home search, or at least a *Franks* hearing on the issue.

Neither request is well-taken. "An omission or misstatement is material if, looking to the affidavit with all omitted or misleading statements corrected, the issuing judge would have rejected" the application. *United States v. Diaz*, 2016 WL 1583020, at *2 (9th Cir. Apr. 20, 2016).[1] Rodriguez-Castorena has not shown, and cannot show, that the judge issuing the search warrant would have acted any differently with knowledge of the wiretap application statement. This is because, as the government suggests, the two applications were directed to different goals and ends, and so the omission of the wiretap statement from the search warrant request was neither misleading nor material. The wiretap statement was made in the context of investigating the conspiracy as a whole to identify the ringleaders, sources of supply, the individuals participating in distribution and transport, and the methods of communication used to facilitate the conspiracy, among other goals. Dkt. No. 101, Exh. 2 ¶ 20. In the course of explaining why investigative tools such as use of informants, surveillances, subpoenas and other techniques would not be productive, the affidavit stated that a home search would likely fail to realize these overall goals, even if narcotics or money were recovered. *Id*. ¶ 148.

The search warrant was sought for specific locations, such as Rodriguez-Castorena's home, that were used in the conspiracy. Dkt. No. 101, Exh. 1. In effect, the search warrant was an adjunct to the broader conspiracy investigation detailed in the wiretap application -- a tile in the full investigative mosaic. It was perfectly reasonable to say, one the hand, that searching a single home would be unlikely to provide the type of evidence sought in the wiretap application about the overall structure and operation of the alleged conspiracy, and to say on the other hand that probable cause supported a site-specific search warrant application for evidence tied to an alleged conspiracy member. These statements are part of a continuum and not a contradiction.

---

[1] The original order incorrectly identified the case name as *Davis*. This amended order fixes that mistake. No other changes are made to the original.

1  Even if the search warrant affidavit had made the disclosure Rodriguez-Castorena's urges, it would not have vitiated a finding of probable cause. The affidavit contained a full and detailed statement of facts linking the home to criminal conduct. *Id.* It presented the agent's training and experience with drug trafficking practices, facts from wiretap interceptions showing Castorena's involvement with methamphetamine sales on April 18, April 24, and June 3, 2015, along with pole tracking data from outside 956 Beachpoint Way, and GPS data tracking Castorena to 956 Beachpoint Way. The affidavit "clearly set forth the existence of criminal activity" and established probable cause for the search. *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002).

Rodriguez-Castorena's reliance on two out-of-circuit cases is misplaced. In *United States v. McMurtrey*, 704 F.3d 502, 512 (7th Cir. 2013), the Seventh Circuit held that a *Franks* hearing was warranted in light of evidence that two police officers had submitted search warrant affidavits that were internally inconsistent and "stated under oath that the other officer gave him information that conflicted directly with what the other officer said in his own affidavit." That degree of overt contradiction and irreconcilable averments is not present here. In *United States v. Brown*, 828 F.3d 375, 382-83 (6th Cir. 2016), the Sixth Circuit reversed the denial of a motion to suppress after finding that a search warrant for the defendant's home was utterly unsupported by facts showing probable cause. That is not the case here, where the affidavit to search Rodriguez-Castorena's home presented ample evidence to justify a search. Dkt. 101, Exh. 1.

The motion to suppress evidence from the search of 956 Beachpoint Way and the request for a *Franks* hearing are denied.

**IT IS SO ORDERED.**

Dated: February 3, 2017

JAMES DONATO
United States District Judge