UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN CARLOS RODRIGUEZ-CASTORENA, et al.,<br><br>　　　　Defendants. | Case No. 15-cr-00345-JD-1<br><br>**ORDER RE MOTION FOR RECONSIDERATION** |

Defendant Juan Carlos Rodriguez-Castorena seeks reconsideration of the Court's Order, Dkt. No. 93, denying suppression of evidence obtained from cell phone wiretaps. Dkt. No. 120. He jumped the gun a bit by moving directly for reconsideration without first seeking leave to file it, as our local rules require. *See* Civ. L.R. 7-9(a).[1] The Court treats the motion as a request for leave, and denies it. *Id.* 7-9(b). The request for a *Franks* hearing is also denied.

This case involves the prosecution of multiple defendants alleged to be involved in methamphetamine distribution and conspiracy throughout Northern California. In the prior suppression order about three wiretaps approved in 2015, the Court found that the government had demonstrated necessity under 18 U.S.C. § 2518(1)(c) by showing that use of confidential informants would be unlikely to uncover the scope of the conspiracy, among other factors. Dkt. No. 93 at 5-7. Rodriguez-Castorena seeks reconsideration of the necessity finding because the government recently disclosed that a confidential informant ("CI") had, in fact, met with him "face-to-face" on a single occasion in 2011, which DEA agents recorded in a video that purportedly shows Rodriguez-Castorena discussing methamphetamine sales. Dkt. No. 120 at 4-5.

---

[1] Civil Local Rule 7-9 applies here under Criminal Local Rule 2-1.

1  These facts were omitted from the 2015 wiretap applications in which DEA affiants said CIs were
2  impractical and would be unproductive for the goals of the wiretap.  Rodriguez-Castorena
3  considers this to be material new evidence warranting another look at suppression of the wiretaps.

4  The government does not contest that the facts Rodriguez-Castorena relies are new in the
5  sense of not being before the Court when it decided the prior order.  But it says they are of no
6  moment.  The government states that a CI had a single meeting with Rodriguez-Castorena on June
7  25, 2011, but no contact again after that.  Dkt. No. 127-3.  The government adds that when the
8  2015 wiretap affidavits were presented to the reviewing judges, the identity of Rodriguez-
9  Castorena was unknown.  Dkt. No. 127 at 1, 10.  It wasn't until his arrest after wiretap
10 surveillance that his full name and identify were revealed.  *Id.* at 2.  Significantly, the government
11 also states that the CI was deactivated as of December 2014, several months before the wiretap
12 applications were filed.  *Id.* at 11.

13 Taking these facts as a whole, the government argues that the statements discounting the
14 use of CIs in the 2015 applications, which included a representation by the DEA agents that
15 "[c]urrently I am not aware of any sources in a position to make a controlled purchase" from
16 Rodriguez-Castorena, were complete, true and correct.  *Id.* at 9-13 (quoting Dkt. No. 120-1, Exh.
17 A ¶ 112 (under seal); Exh. B ¶ 100 (under seal)).

18 Rodriguez-Castorena does not challenge the government's facts.  He takes issue with the
19 lack of a clear explanation about why the CI was deactivated, and why the CI was deactivated
20 once before in 2012.  Dkt. No. 135 at 3.  But he makes no showing, preliminary or otherwise, to
21 call the government's representations into question.

22 None of this warrants a motion to reconsider the prior suppression order.  As an initial
23 matter, the fact that a CI had a single interaction with Rodriguez-Castorena in 2011 and was
24 deactivated in 2014 does not undermine the truthfulness or completeness of the affiants'
25 statements in the 2015 applications.  There is no tension between those uncontroverted facts and
26 the affiants' representations that they were "currently" unaware of a CI that could be deployed to
27 make a drug buy from Rodriguez-Castorena.  And even if the government had not made the
28 omission and disclosed those facts in the applications, Rodriguez-Castorena has not shown it

would have undermined the necessity determination. A single encounter between a deactivated CI and Rodriguez-Castorena four years before the wiretap applications were made -- and before Rodriguez-Castorena was fully identified -- would not be a reasoned or reasonable basis for finding lack of necessity. *United States v. Diaz*, 649 Fed. Appx. 373, 377-78 (9th Cir. 2016). This is so because "necessity is not defeated by the government's use of informants where informants are unable to identify the full scope of a large conspiracy," and the affidavits explain their limitations. *Id.* at 378; *see also United States v. Christie*, 825 F.3d 1048, 1068-69 (9th Cir. 2016). The affidavits here more than adequately explained why CIs would be unlikely to develop evidence about the conspiracy as a whole. *See* Dkt. No. 120-1, Exh. A ¶¶ 112-17 (under seal); Exh. B ¶¶ 100-05 (under seal). In addition, even if the deactivated CI could have been revived and returned to the field, the government is not compelled to pursue "to the bitter end" every traditional investigative procedure before seeking a wiretap. *United States v. Amaro*, 613 Fed. Appx. 600, 602 (9th Cir. 2015) (internal quotation omitted).

The request for a *Franks* hearing is denied for the same reasons. To obtain a hearing, Rodriguez-Castorena has the burden of making "a substantial preliminary showing" that the omitted facts were material to the issuing judge's approval of the wiretap application, and that the government recklessly or intentionally made the omission. *Diaz*, 649 Fed. Appx. at 378-79. He has not shown materiality for the reasons discussed above, and has not pointed to any facts indicating that the agents acted with the requisite culpability. He says in his reply brief that the government "effectively concedes" the omissions were intentional, Dkt. No. 135 at 6, but that is a characterization that overstates the government's position.

**IT IS SO ORDERED.**

Dated: February 8, 2017

JAMES DONATO
United States District Judge

3